## JOHN C. WISCHENBART
*vs.*
## TOWN OF NEW BRITAIN

Superior Court       Hartford County       File No. 69464

MEMORANDUM FILED FEBRUARY 15, 1944.

*Edward S. Pomeranz,* of Hartford, for the Plaintiff.

*Harold J. Eisenberg,* Corporation Counsel, of New Britain, for the Defendant.

INGLIS, J. This action is brought to recover damages

for personal injuries sustained by reason of the fact that the plaintiff was struck in the face by a discus thrown by a person not a party to this action in a public park maintained by the defendant. The action sounds in nuisance, the allegation in the complaint being that "in allowing and permitting the game of discus throwing in a public park without any supervision and at a place where young children were apt to be, with the likelihood that injury would result to innocent passersby from such an inherently dangerous game, the defendant was guilty of creating and maintaining a nuisance." To the complaint the defendant has set up by way of special defense the defense of governmental immunity and to that defense this demurrer is directed.

In ruling on this demurrer it is necessary to have in mind the distinction between absolute or positive nuisances on the one hand and nuisances created or maintained by mere negligence on the other. *Beckwith vs. Town of Stratford,* 129 Conn. 506, 511. The nuisance which is alleged in the present case is, or may well develop on the trial to be, one which is in the latter category. It arose not because the city "intended to bring about the conditions which are in fact found to be a nuisance" but rather because the city failed to use reasonable care to provide proper supervision of the game. It is apparent that the cause of the plaintiff's injuries lay not so much in any fault in the plan of the layout of the park as in the fact that discus throwing was permitted without proper supervision. The question to be decided therefore is as to whether the defense of governmental immunity is good as against a cause of action for a nuisance which came into being because of negligence in failure to properly supervise the game.

It is true that it is stated in the opinion in *Hoffman vs. City of Bristol,* 113 Conn. 386, 389: "Where a municipal corporation creates and maintains a nuisance it is liable for damages to any person suffering special injury therefrom, irrespective of whether the misfeasance or nonfeasance causing the nuisance also constituted negligence. This liability cannot be avoided on the ground that the municipality was exercising governmental functions or powers, even in jurisdictions where, as here, immunity is afforded from liability for negligence in the performance of such functions." Inasmuch as the nuisance involved in the *Hoffman* case was an absolute or positive nuisance and was not one grounded upon negligence, it is

clear that so far as the above quotation applies to nuisances created by negligence it is dictum. And, indeed, in the same opinion at page 391 the following appears: "Such cases as *Hewison vs. New Haven,* 37 Conn. 475; *Dyer vs. Danbury,* 85 Conn. 128....; *Riccio vs. Plainville,* 106 Conn. 61....and *Rogers vs. Meriden,* 109 Conn. 324.... illustrate the limitations of the rule we are considering and the distinction between those nuisances to which governmental immunity does not apply and conditions to which it is applicable. In the *Hewison* case the weight overhanging the street, in the *Dyer* case the dead tree within the street limits, in the *Riccio* case the tree protruding over the highway, in the *Rogers* case the catchbasin cover, if constituting a nuisance, was such that the only duty of the city was to remove or abate it. It was not a structure or condition created by the city, certainly not by acts which were wrongful in nature or in intent actual or implied; the fault, if any, consisted in the failure to use the requisite care in remedying a condition otherwise created or occurring. Therein lies the distinction between nuisance to which governmental immunity does not attach, and mere negligence as to which it is available."

Again in *Parker vs. City of Hartford,* 122 Conn. 500, where the plaintiff had been injured by stepping into a gully which had washed out in a public highway, the court says, at page 504: "Even if the gully constituted a nuisance, it was a situation which was not created by the defendant and the only liability which could attach to it would be its failure to remedy the condition. To that failure governmental immunity would attach if it were not for the liability for a defect in a highway created by the statute."

It, of course, must be recognized that there is a tendency to limit as far as possible the rather harsh doctrine of governmental immunity. It likewise is true that the Connecticut Supreme Court of Errors has never had occasion to decide the exact question here presented. However, it is firmly established in our law that a municipality is not liable for the negligence of its agents in the performance of a governmental function, and logic leads irresistibly to the conclusion that where negligence of an agent of a municipality is the real cause of a plaintiff's injuries, such plaintiff is barred from recovery whether the negligence has operated directly to cause the injuries or has operated through failure to prevent or abate an inherently dangerous condition. If contributory

negligence is a defense to a cause of action sounding in nuisance when the nuisance is one resulting solely from a failure to exercise due care, as is conceded in the *Beckwith* case *supra,* there is no logical escape from the conclusion that governmental immunity is also a good defense in such an action brought against a municipality.

For the foregoing reasons the demurrer is overruled.