JOHN BRODERICK *v.* CITY OF WATERBURY.

JOHN MCKEEMAN *v.* CITY OF WATERBURY.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued February 3—decided February 24, 1944.

*Joseph M. Navin,* with whom, on the brief, was *Edward Mascolo,* for the appellants (plaintiffs).

*Maurice T. Healey,* with whom, on the brief, was *Edward J. McDonald,* for the appellee (defendant).

MALTBIE,. C. J.   The plaintiffs in these actions, tried together, sought to recover damages for injuries suffered because of the collapse of a staging upon which they were standing while engaged in painting a school building in the defendant city.   From judgments for the defendant they have appealed.   The work was being done by the works progress administration of the

federal government under an arrangement by which the city had agreed to furnish equipment and material for the use of the workmen. The first count of the complaint was based upon claimed negligence of the defendant in furnishing a defective and unsafe ladder for use as a support for one end of the staging; and the second count was based upon the claim that the ladder in its defective condition constituted a nuisance. The defendant denied liability on either ground and filed a special defense claiming governmental immunity. The trial court concluded that neither negligence nor nuisance had been proved; and so it found it unnecessary, as do we, to consider the special defense.

The findings of the court as to the circumstances of the accident are not disputed. The staging upon which the plaintiffs were standing while painting the building consisted of a plank each end of which was supported by iron brackets affixed to the rungs of a ladder. These ladders belonged to the defendant, and its employee, Freedman, who had oversight of the work in its behalf, had caused them to be brought from another school building. In one of the rungs of one of the ladders to which a portion of one of the brackets was fixed was an old crack through more or less of the wood at a point about one-third of its length from one end. While the plaintiffs were working on the staging the rung broke at this point because of the weight of the plaintiffs on the plank, causing them to fall to the ground. The court also found that the only indications of this defect on the outside surface of the rung were some so-called surface cracks which ordinarily are of no significance in judging the strength of wood; that the crack was probably due to a blow or strain at some time in the past, but that the defendant had not caused it; that while an expert on wood might have discovered the defect by striking the rung with

a hammer, no ordinary inspection would have disclosed it; and that the defendant did not have actual or constructive notice of it. Upon the basis of these findings, the court concluded that the defendant was chargeable neither with negligence nor with maintaining a nuisance.

The defendant could be held liable for negligence only if its employee, Freedman, knew or should have known that the ladder was defective when he furnished it for use. *Pacific Telephone & Telegraph Co.* v. *Starr,* 206 Fed. 157, 162; *Nichols* v. *Pere Marquette R. Co.,* 145 Mich. 643, 650, 108 N. W. 1016. The plaintiffs are not entitled to relief unless they can successfully attack the findings we have recited. They do not claim that Freedman had actual knowledge of the defect, but they do contend that, upon the evidence, the court should have found that he did not inspect the ladder and that, had it been subjected to a reasonable inspection before it was put into use, the defect would have been discovered. The testimony of an expert witness called by the plaintiffs went far to support the court's finding to the contrary. There was also testimony, as well as the evidence of the broken rung itself, admitted as an exhibit, to the effect that the crack would not be readily observable, or, if noted, would not be regarded as materially weakening the rung. It is true that the plaintiffs offered evidence that before a ladder was put to use it should be tested; but the tests suggested in the testimony they offered were walking up and down it when the ladder was raised, walking over it when it was laid on the ground, and, if used for staging like the one in this case, walking up one ladder, across the plank, and down the other. But there was evidence that walking up the ladder would not have caused the rung to break and that at least one man went up and down it and across

the staging before the plaintiffs went upon it; and the undisputed evidence was that the plaintiffs had been working on the staging five or ten minutes before the accident occurred. The court could properly conclude that a reasonable inspection of the ladder or the application of the tests suggested would not have disclosed the defect. Hence the defendant was not chargeable with constructive knowledge of it. The claim in the plaintiffs' brief that the trial court erred in not applying the doctrine of res ipsa loquitur fails, first, because the record does not show that any such claim was made at the trial, and, secondly, because it does not appear that the trial court did not apply and give proper effect to the doctrine. *Levine* v. *Union & New Haven Trust Co.*, 127 Conn. 435, 438, 17 Atl. (2d) 500. The conclusion that the defendant was not negligent cannot be disturbed.

There was no ground for holding the defendant liable in nuisance. Any defect in the ladder could not constitute a public nuisance, and recovery upon the basis of a private nuisance can be had only by one who is injured in relation to a right which he enjoys by reason of his ownership of an interest in land. *Higgins* v. *Connecticut Light & Power Co.*, 129 Conn. 606, 611, 30 Atl. (2d) 388.

There is no error.

In this opinion the other judges concurred.