## PHILOMENA McLEAN
*vs.*
## TOWN OF BRANFORD

Court of Common Pleas  New Haven County  File No. 35699

### MEMORANDUM FILED MAY 4, 1945.

*Frederick R. Houde,* of Branford, for the Plaintiff.

*Francis J. Moran* and *John E. McNerney,* of New Haven, for the Defendant.

CULLINAN, J.  By her complaint in two counts, the plaintiff seeks to recover damages for personal injuries suffered as the result of a fall on stairs within the public high school of the Town of Branford.  The first count, sounding in negligence, alleges a defective, hazardous and dangerous condition through careless maintenance of the stairway in that the surfaces of its treads were permitted to continue in a worn and hollowed condition over an extended period.  The second count is based on a claim that the municipality maintained a continuing nuisance.

To the counts, the defendant has interposed two special defenses: one, a plea of governmental immunity; the other, a claim of contributory negligence.

On November 9, 1944, the plaintiff, a parent, at the invitation of the school authorities visited the Branford High School to participate in Parents' Day activities. While descending a stairway, the plaintiff is said to have caught her heel in a worn tread, precipitating her to the foot of the stairway with consequent painful and permanent injury.

Construction of the Branford High School was commenced in 1928 and concluded in 1929 when the building became available as part of the Town's educational facilities. The controversial stairway was built of concrete with a magnesite surface. From the date of its first use to the date of the plaintiff's fall, it had been maintained without repair. Continued use throughout the fifteen-year period, resulted in a slight cupping or wearing of the treads, justifying but not demanding, as a matter of urgency, a resurfacing operation. In November, 1944, approximately six hundred students were enrolled, resulting in not less than seventeen hundred passings per day on the stairway in question. From the school's opening to the day of the plaintiff's unfortunate incident there had been no recorded instance of mishap on the stairway.

The burden of the plaintiff's complaint is that the stairway was maintained in its natural state without rubber mats, metal strips, or other protective devices. Further, she says the condition was manifestly dangerous and defective by reason of a failure to resurface and eliminate the depressed or hollowed-out treads.

With respect to the first count, the defense of governmental immunity is sound. The principle that a municipality is relieved from liability for injuries resulting from acts done by it in the performance of a public duty, for the public benefit, and not for its corporate profit, has been frequently and consistently recognized. *Hannon vs. Waterbury,* 106 Conn. 13; *Carta vs. Norwalk,* 108 *id.* 697, 701.

A consideration of the second count requires a primary recognition of the distinction between absolute nuisance and nuisance created or maintained by mere negligence. *Beckwith vs. Stratford,* 129 Conn. 506, 511. The nuisance presently

alleged is one which is in the latter class. Assuming the existence of a nuisance, certainly it arose not because the Town of Branford intended to bring about the conditions constituting a nuisance but rather by reason of a failure to use reasonable care in the maintenance of the school stairway. The cause of the plaintiff's injury lay not in any fault in the plan or construction of the stairway but in the claimed negligence in its maintenance. In such a situation the defense of governmental immunity is efficacious as against a cause of action for a nuisance which came into being because of negligence. *Parker vs. Hartford*, 122 Conn. 500; *Wischenbart vs. Town of New Britain*, 12 Conn. Sup. 321.

Quite apart from legal considerations, I am unable to find that the condition of which the plaintiff complains constituted a nuisance in fact. Thus, her claim, under the second count, must fall. The stairway was in continual daily use by several hundred children; it had borne school traffic without untoward incident for a fifteen-year period; and its condition was not such as to create a tendency to injury; much less to expose a person to probable injury. *Broderick vs. Waterbury*, 130 Conn. 601.

Judgment may enter for the defendant to recover of the plaintiff its costs.