JOHN CONLON ET AL. *v.* TOWN OF FARMINGTON

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 165099

Memorandum filed June 23, 1971

*Robert F. Stengel,* of Hartford, for the plaintiffs.

*Regnier, Moller & Taylor,* of Hartford, for the defendant.

FitzGerald, J. The plaintiffs are six in number, namely, John and Joan Conlon, husband and wife, and their four minor children—Julie Marie, Leslie Diane, Alicia Christine, and Jennifer Joan Conlon. In the seventh, eighth, ninth and tenth counts of the complaint, each child, in the order named, is seeking to recover damages of the defendant for illnesses and other consequences alleged to have befallen her as the result of storm water and sewerage backing up and entering the house wherein she lived, because of faulty sewer connections alleged to have been provided and maintained by the defendant as an improper and inadequate sewer system, constituting as to that child a nuisance. The defendant demurs to each of these counts on the broad ground that a cause of action in nuisance, private or public, is not sufficiently alleged in the counts.

There are two classifications of nuisance: public and private. Wright, Conn. Law of Torts (2d Ed.) § 130. The minor plaintiffs are not suing as members of the general public. " 'Nuisances are public where they violate public rights, and produce a common injury,' and where they constitute an obstruction to public rights, 'that is, the rights enjoyed by citizens as part of the public.' 39 Am. Jur. 286 [Nuisances, § 8]." *Higgins* v. *Connecticut Light & Power Co.*, 129 Conn. 606, 611. "To be considered public, the nuisance must affect an interest common to the general public, rather than peculiar to one individual, or several." Prosser, Torts (3d Ed.), p. 606. The minor children have not alleged sufficient facts to spell out, as to them, a public nuisance.

Nor have the minor children alleged facts sufficient to sustain a cause of action in private nuisance. At the most, they were living on premises owned by their parents, the plaintiffs John and Joan Conlon, with the consent of both parents. "A private nuisance exists only where one is injured in relation to

a right which he enjoys by reason of his ownership of an interest in land." *Webel* v. *Yale University,* 125 Conn. 515, 525. "[I]t is the prevailing rule that any one who has no interest in the property affected, such as a licensee, an employee or a lodger on the premises, cannot maintain an action based on a private nuisance. In perhaps the greater number of cases, this has been held to include members of the possessor's family, who have no property rights. A few courts have permitted them to recover for personal injuries, in an action which was said to be one for the nuisance. Such decisions apparently overlook the fact that the existence of a nuisance to the land does not preclude an independent tort action for the interference with the bodily security of the individual, and seem to have allowed an entirely proper recovery for ordinary negligence, under the wrong theory." Prosser, op. cit., p. 614.

To go no further, the defendant's interposed demurrer to the seventh, eighth, ninth and tenth counts of the complaint, referable to the four minor plaintiffs, alleging that the sewer system of the defendant, as to each of them, constituted a nuisance, is required to be, and is, sustained in toto.