FELIX MEIZOSO ET AL. *v.* JOSEPH BAJOROS
(5225)

HULL, BORDEN and DALY, Js.

Submitted on briefs September 1—decision released October 13, 1987

*Laurence V. Parnoff* filed a brief for the appellants (plaintiffs).

*Kevin R. Murphy* filed a brief for the appellee (defendant).

DALY, J. The named plaintiff brought this action in negligence and nuisance for personal injuries he sustained in a fall allegedly caused by the defective condition of a softball field under the control of the defendant. The named plaintiff's former wife joined in this action raising a claim for loss of consortium on the theories of negligence and nuisance resulting from her husband's injuries. The trial court directed a verdict in favor of the defendant on the counts of nuisance and loss of consortium from nuisance. The jury returned a verdict in favor of the defendant on the remaining two counts, negligence and loss of consortium from negligence.

The plaintiffs claim on appeal that the trial court erred (1) in directing a verdict on the two counts based on a theory of nuisance, (2) in limiting the jury's inspection of the site of the injury, (3) in restricting the plaintiffs' cross-examination of the defendant, and (4) in instructing the jury on the duty of care owed to an invitee and on the measure of damages for loss of consortium.

The jury could reasonably have found the following facts. On June 28, 1980, the defendant, owner of Capellero's Grove, catered a picnic for the International Association of Electrical Inspectors. The defendant's business specialized in social catering for large groups offering activities of basketball, badminton, Ping-Pong, softball and volleyball. The named plaintiff, an electrical contractor, attended the picnic after paying the ticket price of $15. While playing second base in a softball game, he tripped and fell in an attempt to catch a fly ball. The named plaintiff claims that the fall resulted in a broken ankle and, subsequently, in the dissolution of the marriage between him and his wife some four years later.

The plaintiffs' failure to file a motion to set aside the verdict limits our review to a determination of whether there has been "plain error" in any of the issues raised. Practice Book § 4185; *Kolich* v. *Shugrue,* 198 Conn. 322, 326, 502 A.2d 918 (1986); *Rozbicki* v. *Pelletier,* 2 Conn. App. 87, 88, 476 A.2d 1069 (1984). The plaintiffs' claims of error, however, do not rise to the level of plain error.

The plaintiffs' first claim of error is that the trial court erroneously directed a verdict in favor of the defendant on the two nuisance counts. The general rule in Connecticut is that a "trial court should direct a verdict only when a jury could not reasonably and legally have reached any other conclusion." *Petyan* v. *Ellis,* 200 Conn. 243, 244, 510 A.2d 1337 (1986). In our review of the trial court's directed verdict in favor of the defendant, we must consider the evidence in the light most favorable to the plaintiffs. *Pinto* v. *Spigner,* 163 Conn. 191, 193, 302 A.2d 266 (1972).

A review of the facts in the light most favorable to the plaintiffs indicates that the jury could not have found for the plaintiffs on the nuisance counts. *Webel* v. *Yale University,* 125 Conn. 515, 525, 7 A.2d 215 (1939), firmly established that in order to recover in a private nuisance action a plaintiff must have an ownership interest in the land. See D. Wright & J. Fitzgerald, Torts (2d Ed.) § 130. In this case, the named plaintiff had no such interest in the land. In fact, he was one of approximately 250 customers paying to gather at Capellero's Grove. His attendance at the union's picnic does not rise to an ownership interest in the land.[1] Because the named plaintiff suffered no

---

[1] This case is analogous to *Couture* v. *Board of Education,* 6 Conn. App. 309, 505 A.2d 432 (1986). In *Couture,* this court held that the plaintiff, who helped in officiating a football game as a "chainman," could not recover, on a private nuisance theory, for injuries he suffered. This court held that since the plaintiff had no ownership interest in the land, the trial court correctly directed the verdict for the defendant on the nuisance count.

injury in relation to his ownership of an interest in the land, the trial court correctly directed a verdict in favor of the defendant.

The plaintiffs' second claim of error is that the court erroneously restricted the jury's inspection of the site of the injury. In this case, the trial court allowed the jury to view the ball field where the injury occurred, without permitting the jurors to feel the ground in the area where the named plaintiff fell. Our Supreme Court has held that whether and to what extent a view of the subject matter is taken rests in the sound discretion of the court. *O'Connor* v. *Dory Corporation,* 174 Conn. 65, 72, 381 A.2d 559 (1977); see *State* v. *Taxiltaridis,* 2 Conn. App. 617, 622, 481 A.2d 98 (1984). The discretion afforded to the trial court is considerable. See *Timm* v. *Timm,* 195 Conn. 202, 206, 487 A.2d 191 (1985). There is nothing in the record before us to suggest that the trial court, by preventing the jurors from feeling the ground of the ball field, was being unfair. Nor does it appear that a more extensive view was reasonably necessary to do justice between the two parties. See *Mackin* v. *Mackin,* 186 Conn. 185, 189–90, 439 A.2d 1086 (1982).

The plaintiffs additionally claim that the trial court erroneously ruled that the plaintiffs' evidence of prior injuries was irrelevant. Counsel's question regarding prior injuries was, however, withdrawn, making it not properly preserved for appeal. Even if we were to consider the plaintiffs' claim, a review of the record indicates that there was no plain error in the trial court's ruling.

The plaintiffs' final claim of error is based on the jury instructions regarding the duty of care owed to an invitee and the measure of damages for loss of consortium. The plaintiffs assert that the jury charge was inadequate because it imposed a lesser duty upon the owner

of the land than that required by law.[2] It is clear from a review of the charge that the instruction accurately reflects Connecticut law, as stated by our Supreme Court in *Warren* v. *Stancliff,* 157 Conn. 216, 220, 251 A.2d 74 (1968). The trial court's instruction on the measure of damages for loss of consortium comports with the authorities that the right of consortium tracks the existence of the marital relationship and terminates upon its dissolution by death or divorce.[3] 2 M. Minzer, J. Nates, C. Kimball, D. Axelrod & R. Goldstein, Damages in Tort Actions (1984) § 11.16 [5]; see also *Sawyer* v. *Bailey,* 413 A.2d 165 (Me. 1980); *Bemis Co.* v. *Rubush,* 401 N.E.2d 48 (Ind. App. 1980). Reviewing the record and arguments presented in this appeal, we conclude that it was not plain error for the trial court to have instructed the jury as it did.

There is no error.

In this opinion the other judges concurred.

---

[2] The relevant portion of the court's charge regarding the duty to warn is as follows: "Now, as far as warnings are concerned, in this case, the plaintiff testified there has been some indication that he knew the field was bumpy when he went on to the field. If you believe that the bumpy condition of the field caused the plaintiff to fall or that the plaintiff already knew that the field was in a bumpy condition, then the defendant was not legally obligated to give any warning. The purpose of a warning is to alert somebody to the condition that he doesn't know about. There is no need to warn someone of a condition if he's already aware of it. I mean, that would make, that wouldn't add anything to the situation. If you find that the plaintiff already knew of the condition of the field, then the plaintiff wouldn't be entitled to any warning from the defendant . . . ."

[3] The relevant portion of the court's charge regarding loss of consortium is as follows: "There's another limiting factor here and I'm going to limit it by the fact that there was a dissolution of the marital contract that was completed approximately four years after the injury. So that the law decreed an end to that marriage contract. I charge you that also, in effect, put an end to any expectation of any continued consortium benefit."