[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE (#138) MOTION FOR SUMMARY JUDGMENT (#140)
On April 22, 1991, the plaintiffs Elizabeth and Forrest Randall filed a four count amended complaint against the defendants Janice Dobson and Kathleen Severance. In counts one and three the plaintiff Elizabeth Dobson alleges causes of action in negligence against the defendants Dobson and Severance respectively for injuries sustained in an automobile accident which occurred on June 23, 1988. In counts two and four the plaintiff, Forrest Randall alleges loss of consortium claims against the defendants Dobson and Severance respectively.
On April 23, 1991, the defendant Severance filed an answer to the plaintiffs' amended complaint. On May 31, 1991, the defendant Dobson filed a motion to strike count two of the amended complaint and a supporting memorandum of law. On June 4, 1991, the defendant Severance filed a motion for summary judgment as to count four of the amended complaint and a supporting memorandum of law. The defendants claim that the plaintiff Forrest Randall is not entitled to allege a loss of consortium claim, in counts two and four, because at the time of the accident he was not married to the plaintiff Elizabeth Randall.
The plaintiffs counter that the question of whether a spouse may maintain an action for loss of consortium arising from known injuries, which were incurred prior to the marriage is one of first impression in the State of Connecticut.
A motion to strike tests the legal sufficiency of a pleading. Conn. Practice Bk. 152. A motion to strike admits only well pleaded facts, not the legal conclusions contained therein. Maloney v. Conroy,208 Conn. 392, 394 (1988). In ruling on a motion to strike, the court is limited to the grounds specified in the motion. Meredith v. Police Commission, 182 Conn. 138, 140 (1980).
"Summary judgment shall be rendered if the pleadings, affidavits, and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Conn. Practice Bk. 384. The moving party must show the absence of any material disputed issue. Fogarty v. Rashaw, 193 Conn. 442, 445 (1985). When ruling on a motion for summary judgment, "the court must view the evidence in the light must favorable to the nonmoving party." Connell v. Connell, 214 Conn. 246-47 (1990).
"Consortium" is the "constellation of companionship, dependence, reliance, affection, sharing and aid which are legally recognizable, protected rights arising out of the civil contract of marriage." Hopson v. St. Mary's Hospital, 176 Conn. 485, 487 (1979). Loss of consortium did not exist in Connecticut at common law. In 1979, the supreme court of Connecticut overruled Mari v. Stamford Street R. Co., 84 Conn. 9 (1911), and recognized a cause of action for antemortem loss of consortium. Hopson,176 Conn. at 485. A loss of consortium claim "constitutes a viable cause of CT Page 6647 action on behalf of the spouse whose marital partner has been injured or killed." Champagne v. Raybestos-Manhattan, Inc., 212 Conn. 509, 553 (1989). "A consortium claim is derivative of the injured spouses' cause of action." Greene v. Metals Selling Corporation, 3 Conn. App. 40, 46 (1984). "[T]he right of consortium tracks the existence of the marital relationship and terminates upon its dissolution by death or divorce." Meizoso v. Bajoros,12 Conn. App. 516, 520 (1987).
The plaintiffs' amended complaint alleges that the accident occurred on June 23, 1988, and that the plaintiffs Elizabeth and Forrest Randall were not married until November 12, 1988.
Accordingly, the plaintiff Forrest Randall was not the spouse of Elizabeth Randall at the time of the accident. Therefore, the plaintiff Forrest Randall is not entitled to allege a loss of consortium claim and the defendants' motions to strike and for summary judgment are granted.
PICKETT, J.