[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: DEFENDANT'S MOTION TO STRIKE (#101)
On February 5, 1992, the plaintiff, Marie White, CT Page 3277 filed a complaint against the defendants, Richard and Joyce Adams. In the second count of the complaint the plaintiff alleges, inter alia, that the defendants owned real property and buildings thereon in Bridgewater, Connecticut. The plaintiff alleges that she was the real estate agent who had the listing on said premises and, on August 15, 1990, the plaintiff went to said premises to deliver a basket of fruit to Joyce Adams, who was home recovering from an illness. The plaintiff contends that she was injured while walking from the defendant's driveway onto their walkway when she tripped on a landscaped timber situated at the beginning of said walkway. The plaintiff claims that the defendant caused this timber to be situated in this position, that said position constitutes an unsafe and dangerous condition, and that the defendants had, or reasonably should have had, notice or knowledge of said unsafe condition. The plaintiff further claims that this timber "created an inherently dangerous condition having a natural tendency to create a dangerous condition and inflict injury upon persons using said walkway and/or driveway, which constituted a nuisance created and maintained by the defendants." Plaintiff's Complaint, Count 2, Paragraph 8.
On February 25, 1992, the defendants filed a motion to strike the second count of the complaint and attached thereto a supporting memorandum. No opposing memorandum has been filed.
The motion to strike is provided for in Practice Book Sections 151-158. A motion to strike tests the legal sufficiency of a pleading and "admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989) Furthermore, the court is required to construe the facts in the complaint most favorably to the plaintiff when considering a motion to strike. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). Practice Book Section 155 states, "[i]f an adverse party objects to this motion he shall, at least five days before the date the motion is to be considered on the short calendar, file and serve a memorandum of law." Practice Book Section 155.
The plaintiff has failed to file a memorandum of CT Page 3278 law in opposition to the motion to strike. Prior to October 1, 1989, the failure to file an opposing memorandum of law was deemed as consent to the motion to strike. See, e.g., Hughes v. Bemer, 200 Conn. 400, 510 A.2d 992 (1986). "Practice Book Section . . . 155 [has] been amended so that a party who files an untimely memorandum is no longer deemed to consent to the granting of a motion made under [this] section." Southport Manor Convalescent Center, Inc. v. Foley, 216 Conn. 11, n. 1, 578 A.2d 646 (1990); Castillo v. Brito, 5 CTLR 201, 202 (October 28, 1991, Hennessey, J.).
In their memorandum in support of the motion to strike the defendants contend that the plaintiff, in the second count of her complaint, fails to allege that she had an ownership interest in the property, which is necessary for a private nuisance, and further fails to allege that, at the time of her fall, she was exercising a public right, which is necessary for a public nuisance. Consequently, the defendants maintains that the second count of the complaint should be stricken.
There are two types of nuisance: public and private.
 `[N]uisances are public where they violate public rights, and produce a common injury,' and where they constitute an obstruction to public rights, `that is, the rights enjoyed by citizens as part of the public'. . .`[I]f the annoyance is one that is common to the public generally, then it is a public nuisance. . . .The test is not the number of persons annoyed, but the possibility of annoyance to the public by the invasion of its rights. A public nuisance is one that injures the citizens generally who may be so circumstanced as to come within its influence.' (Citations omitted.)
Couture v. Board of Education, 6 Conn. App. 309, 314-15,505 A.2d 432 (1986). "A private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land." Webel v Yale University, 125 Conn. 515, 525, 7 A.2d 215 (1939). "`In the modern authorities [private nuisance] includes all injuries to an owner or occupier in the enjoyment of the property of which he is in possession, without regard to the quality of the tenure.'" In Couture, supra, 314 (citation omitted).
To state a claim for nuisance, the plaintiff must allege that: CT Page 3279
 `(1) [T]he condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was a proximate cause of the plaintiff['s] injuries and damages.' (Citations omitted.)
State v. Tippetts-Abbett-McCarthy-Stratton, 204 Conn. 177,183 527 A.2d 688 (1987).
To state a cause of action in public nuisance, the plaintiff must make an additional allegation, specifically "that the condition or conduct complained of interfered with a right common to the general public." Doe v. Manheimer, 212 Conn. 748, 755-56, n. 4, 563 A.2d 699 (1989); Maggiore v. Courcey, DN CV-91 00278319S August 2, 1991, Clark, J.); Steward v. Federated Dep't Stores, Inc.,4 CTLR 82, 85 (May 17, 1991 Lewis, J.).
In the present matter, the plaintiff has failed to allege that she entered the defendants' property as a matter of public right, that the condition complained of interfered with a right common to the general public, or that the defendants' property was public property. See, e.g., Smith v. Monitor Management, 3 CTLR 214, 215 (January 10, 1991, Ballen J.): Webel, supra, 524-25. Thus, the plaintiff's claim, sounding in public nuisance, is legally insufficient.
The plaintiff, is also precluded from recovering under a private nuisance claim. It is "generally agreed that anyone who has no interest in the property affected such as a licensee, an employee or a lodger on the premises, cannot maintain an action based on a private nuisance." W. Prosser W. Keeton, The Law of Torts (5th ed.) Section 87 Conlon v. Farmington, 29 Conn. Sup. 230,232 280 A.2d 896 (Super.Ct. 1971). In the present matter, the plaintiff claims to be the listing agent of the property in question. However, she has failed to allege that she suffered any injury in relation to a right which she enjoys by reason of her ownership of an interest in land. Webel, supra, 524, Consequently, the plaintiff's claim for private nuisance is legally insufficient. In accordance with the foregoing, the motion to strike the second count of the complaint is granted.
DRANGINIS, JUDGE CT Page 3280