[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
A motion to strike contests "`the legal sufficiency of the allegations of any complaint. . .to state a claim upon which relief can be granted." (Citation omitted.) Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992); Practice Book 152. For the purpose of a motion to strike, the facts alleged in the complaint are considered admitted. Westport Bank Trust, Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 495-96, 605 A.2d 862 (1992). "`The court must construe the facts in the complaint most favorably to the plaintiff.'" (Citation omitted.) Novametrix Medical Systems, Inc. v. BOC Group, Inc., supra, 215.
The defendant argues that Guzman has not alleged a legally sufficient claim for private nuisance because she failed to allege that she owned property. The defendant claims further that Guzman has failed to allege impairment of a public right and, therefore, has failed to allege a legally sufficient claim for public nuisance.
Guzman concedes that she has not alleged a legally sufficient claim for public nuisance. However, she contends that the child, as a social invitee of a tenant, has the rights of an occupier of the property to quiet enjoyment.
An injured invitee of a tenant may not maintain a cause of action for private nuisance. Webel v. Yale University,125 Conn. 515, 525-26, 7 A.2d 215 (1939). "A private nuisance exists only where one is injured in relation to a right which he CT Page 10852 enjoys by reason of his ownership of an interest inland." Id., 525, "Webel v. Yale University, [supra, 525] firmly established that in order to recover in a private nuisance action a plaintiff must have an ownership interest in the land." Meizoso v. Bajoros, 12 Conn. App. 516, 518, 531 A.2d 943 (1987).
Guzman has not alleged that she or her minor child owned land. Accordingly, the defendant's motion to strike count three of the complaint is granted.
SYLVESTER, J.