[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
FACTS
The present case seeks damages for injuries allegedly sustained by the plaintiffs and their minor children as a result of the ingestion of lead paint by the minor children. The plaintiffs, Bruce and Helene Tackling, individually and as the parents and next friends of their three minor children, filed their original complaint on December 29, 1992, against the defendant, Jerry Gorman. On August 18, 1993, plaintiffs filed a revised, twelve count complaint in which they allege that a purchase and sale agreement was entered into by the plaintiffs CT Page 3287 and defendant for the purchase of a New London residence (hereinafter "residence") owned by the defendant.
Plaintiffs allege that title was conveyed by the defendant to the plaintiffs at a closing on March 1, 1990. Plaintiffs further allege that several weeks prior to this closing, the defendant "allowed" the plaintiffs to enter the residence to perform renovations. (Plaintiffs' Complaint, Count 5, Paragraph 19.) Plaintiffs assert that they performed these repairs prior to the closing as "guests and/or invitees" of the defendant and that in the performance of these repairs the plaintiffs and their children were exposed to toxic levels of lead-based paint. (Plaintiffs' Complaint, Count 5, Paragraph 20.)
Plaintiffs seek recovery for physical, mental and emotional injuries allegedly suffered by the children as a result of the ingestion of the lead paint. Plaintiffs also seek damages for the expenses incurred in treating the children's injuries, the cost of de-leading and the decrease in value of the residence, and the emotional distress suffered by the plaintiffs.
Counts seven and eight of the plaintiffs' complaint state claims of premises liability. Count seven seeks a remedy for the injuries allegedly suffered by the minor children and count eight seeks a remedy for the losses suffered by the parents. In these counts, plaintiffs allege that the defendant was negligent in that he allowed the plaintiffs to enter the residence prior to the closing for the purpose of performing repairs when he "knew from all the attendant circumstances or otherwise in the exercise of due care, proper diligence or proper inspection" of the presence of lead paint which posed a foreseeable risk to the plaintiffs. Plaintiffs further allege that defendant was negligent in allowing the plaintiffs entry when he "knew that the . . . residence was built before 1978 and therefore could have reasonably and foreseeably contained dangerous . . . levels of lead" which posed a foreseeable threat to the plaintiffs.
Counts eleven and twelve sound in nuisance. Count eleven seeks a remedy for the injuries allegedly suffered by the minor children and count twelve seeks a remedy for the losses suffered by the parents. Plaintiffs argue that the defendant created a possessory interest in the plaintiffs in the residence as a result of defendant's granting the plaintiffs access to the residence prior to closing. (Plaintiffs' Complaint, Count 9, Paragraph 20.) Plaintiffs further state that defendant's act of CT Page 3288 allowing the plaintiffs entry was unreasonable in the same manner as alleged in counts seven and eight.
On September 17, 1993, the defendant filed a motion to strike counts 7, 8, 11 and 12 of plaintiffs' revised complaint on the ground that the plaintiffs failed to allege facts which give rise to a duty on the part of the defendant to ascertain the existence of a potential lead paint hazard. The defendant also filed a memorandum of law in support of the motion to dismiss. On October 7, 1993, plaintiffs filed a memorandum of law in opposition to defendant's motion to strike. The defendant filed a reply brief on October 25, 1993. On November 1, 1993, plaintiffs filed a response memorandum in opposition to the motion to strike.
STANDARD
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 91
(1985). "In deciding upon a motion to strike or a demurrer, a trial court must take the facts to be those alleged in the complaint and cannot be aided by the assumption of any facts not therein alleged." (Internal quotation marks omitted; citation omitted.) Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990). A motion to strike admits all facts well pleaded and those facts necessarily implied from the allegations. Mead v. Burns, 199 Conn. 651, 655, 509 A.2d 11 (1986). "It does not include, however, the legal conclusions or opinions stated in the complaint." (Internal quotation marks omitted; citation omitted.) Coste v. Riverside Motors, Inc., 24 Conn. App. 109,111, 585 A.2d 1263 (1991). Where a plaintiff's complaint alleges legal conclusions unsupported by facts, a motion to strike shall be granted. Mora v. Aetna Life Casualty Ins. Co., 13 Conn. App. 208,211, 535 A.2d 390 (1988). "If the facts provable in the complaint would support a cause of action, the motion to strike must be denied." Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 496, 605 A.2d 862 (1992).
DISCUSSION
1. The plaintiffs have failed to allege that they entered the defendant's property for a purpose connected with the business dealing of the defendant.
"The extent of the duty which the defendant owed [plaintiff] depends on [plaintiff's] status at the time of [plaintiff's] CT Page 3289 injury." Corcoran v. Jacovino, 161 Conn. 462, 465, 290 A.2d 225
(1971). "A business invitee is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." (Emphasis added.) Corcoran v. Jacovino, supra. In order for one to be an invitee, the visitor must have received an invitation, as opposed to permission, from the possessor of land to enter the land or remain on the land. Id., 466. "Mere permission, as distinguished from invitation, . . . does not establish the status of an invitee." Id.
Plaintiffs argue that as prospective purchasers they are business invitees. (Plaintiffs' Memorandum in Opposition, October 7, 1993, p. 2.) Plaintiffs further submit that the purpose of the repairs was to bring the house in line with FHA regulations, and thus the entry was an "integral part in the series of events culminating in plaintiffs purchasing the New London residence from defendant." (Plaintiffs' Response in Opposition to the Motion to Strike, November 1, 1993, p. 1.)
Plaintiffs' assertion that they are invitees is a legal conclusion. Plaintiffs have alleged that a purchase and sale agreement was executed between plaintiffs and defendant, and that the plaintiffs entered subsequent to the agreement for the purpose of performing renovations. The plaintiffs have failed to allege facts to support the conclusion that they are business invitees. Accordingly, defendant's motion to strike counts seven and eight is hereby granted.
2. Plaintiffs have failed to allege sufficient facts to support a claim of nuisance.
"A nuisance . . . describes an inherently dangerous condition that has a natural tendency to inflict injury upon persons or property. The term nuisance refers to the condition that exists and not to the act or failure to act that created it." Quinnett v. Newman, 213 Conn. 343, 348, 568 A.2d 786 (1990). In order to state a claim for nuisance, the plaintiff must allege the following four elements:
 (1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property,
(2) the danger created was a continuing one; CT Page 3290
 (3) the use of the land was unreasonable or unlawful, and;
 (4) the existence of the nuisance was the proximate cause of the plaintiff's injuries or damages.
Tomasso Bros., Inc. v. October Twenty-Four, Inc., 221 Conn. 194,197, 602 A.2d 1011 (1992).
"An allegation that the injury sustained by the complainant involves an ownership interest in land is essential to a claim for private nuisance." Doyle v. K-Mart Corporation, 7 CSCR 1065
(July 16, 1992, McGrath, J.).
 A private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land. [This] includes all injuries to the owner or occupier in the enjoyment of the property of which he is in possession, without regard to the quality of the tenure." (Internal quotation marks omitted; citations omitted.)
Couture v. Board of Education, 6 Conn. App. 309, 314,505 A.2d 432 (1986). "It is generally agreed that anyone who has no interest in the property affected . . . cannot maintain an action based on private nuisance." (Internal quotation marks omitted; citations omitted.) White v. Adams, 7 CSCR 520 (May 4, 1992, Dranginis, J.).
Plaintiffs argue that they held a possessory interest in the residence pursuant to General Statutes 47a-1 (i) which defines "rental agreement" as "all agreements, written or oral, and valid rules and regulations adopted under section 47a-9 or subsection (d) of section 21-70 embodying the terms and conditions concerning the use and occupancy of a dwelling unit or premises." General Statutes 47a-1 (i). (Plaintiffs' Memorandum in Opposition, October 7, 1993, p. 14.)
Section 47a-9 sets forth the rules and regulations that a landlord is permitted to adopt concerning the tenant's use and occupancy of the premises. Section 47a-1 (1) defines "tenant" as "the lessee, sublessee or person entitled under a rental agreement to occupy a dwelling unit or premises to the exclusion CT Page 3291 of others or as is otherwise defined by law." Connecticut General Statutes 47a-9 is not applicable to the facts pled in the present case in that plaintiffs have failed to allege that they were "tenants" within the meaning of
Section 21-70 governs rental agreements for mobile manufactured homes. Connecticut General Statutes 21-70 is not applicable to the facts pled in the present case in that the subject property is not alleged to be a mobile manufactured homes. It is further noted that the facts pled by the plaintiff do not support a finding of a "rental agreement" as defined by47a-1 (i). Accordingly, the court finds that the plaintiffs have not pled a cognizable cause of action upon which recovery may be had, and thus the defendant's motion to strike counts eleven and twelve is hereby granted.
Hurley, J.