[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MAY 15, 1997
On November 7, 1996, the plaintiffs filed a seven count revised complaint sounding in negligence, private nuisance, and negligent infliction of emotional distress. The plaintiffs seek to recover damages for injuries sustained by the plaintiffs when an allegedly defective and negligently maintained tree limb fell onto the plaintiffs' campsite while camping at the defendants' premises located at 71 Mott Hill in East Hampton, Connecticut.
On November 21, 1996, the defendants filed a motion to strike the third and fourth counts of the plaintiffs' revised complaint which allege private nuisance. The defendants argue that the plaintiffs cannot maintain a cause of action for private nuisance because they have failed to demonstrate a sufficient interest in the land.
"A motion to strike challenges the legal sufficiency of pleading. Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). In reviewing the granting of a motion to strike, we take the facts alleged in the plaintiff's complaint in the manner most favorable to the plaintiff. Mozzochi v. Beck, 204 Conn. 490, 491,529 A.2d 171 (1987). This includes the facts necessarily implied and fairly provable under the allegations . . . It does not include, however, the legal conclusions or opinions stated in the complaint . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) WestportBank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, CT Page 4804 495-96, 605 A.2d 862 (1992).
In order to decide the motion to strike, the court must first determine what facts must be pleaded to sustain a claim for private nuisance. "A nuisance . . . describes an inherently dangerous condition that has a natural tendency to inflict injury upon persons or property. The term nuisance refers to the condition that exists and not to the act or failure to act that created it." Quinnett v. Newman, 213 Conn. 343, 348, 568 A.2d 786
(1990). In order to state a claim for nuisance, the plaintiff must allege the following four elements: "(1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was the proximate cause of the [plaintiff's] injuries and damages." (Citations omitted; internal quotation marks omitted.) TomassoBros., Inc. v. October Twenty-Four, Inc., 221, Conn. 194, 197,602 A.2d 1011 (1992), aff'd, 230 Conn. 641, 646 A.2d 133 (1994).
There are two types of nuisance: public and private. An actionable nuisance must contain each of the essential elements of either a public or private nuisance. Ayala v. B B RealtyCo., 32 Conn. Sup. 58, 337 A.2d 330 (Super.Ct. 1974). "A private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land . . . [This] includes all injuries to an owner or occupier in the enjoyment of the property of which he is in possession, without regard to the quality of his tenure." (Citations omitted; internal quotation marks omitted.) Couture v. Board of Education,6 Conn. App. 309, 314, 505 A.2d 432 (1986). See also, Pollack, Torts (13th Ed.) 442; Salmond, Torts (8th Ed.) 235; Harper, Torts, 179; Webel v. Yale University, 125 Conn. 515, 525,7 A.2d 215 (1939). "It is generally agreed that anyone who has no interest in the property affected . . . cannot maintain an action based on a private nuisance." (Citations omitted; internal quotation marks omitted.) White v. Adams, Superior Court, judicial district of Litchfield, Docket No. 058710 (April 8, 1992, Dranginis, J., 6 CONN. L. RPTR. 720, 7 CSCR 520).
The court finds that the plaintiffs have successfully alleged the necessary four elements for a nuisance cause of action in the third and fourth counts of the revised complaint. However, in order to properly dispose of the motion, the court must also decide whether the plaintiffs have demonstrated a sufficient CT Page 4805 interest in the campsite to maintain a private nuisance cause of action.
Trial courts have granted motions to strike private nuisance claims in the following situations: where the plaintiff was the listing agent of the property in question, White v. Adams, supra;
where plaintiff was one of approximately 250 paying customers at a union picnic, Meizoso v. Bajoros, 12 Conn. App. 516, 518-19,531 A.2d 943 (1987): where the plaintiff was a customer in a public parking garage, Mulcahey v. Intl. Telephone Telegraph Corp.,31 Conn. Sup. 1, 318 A.2d 804 (1974): and where plaintiffs with a purchase and sale agreement entered onto the property prior to closing to perform repairs, Tackling v. Gorman, Superior Court, judicial district of New London at New London, Docket No. 525393 (March 1, 1994, Hurley, J., 9 CSCR 338). The courts found that the plaintiffs in these cases failed to demonstrate a sufficient interest in the land to maintain an action based on private nuisance.
In contrast, trial courts have denied such motions when the facts in the complaint reveal a sufficient interest in the land. For example, courts have found that a tenant injured by a defective condition on that part of the premises retained in control of his landlord may plead a proper cause of action in private nuisance, DiFrisco v. Shawmut Mortgage, Superior Court, judicial district of Waterbury, Docket No. 115155 (November 30, 1993, Kulawiz, J., 10 CONN. L. RPTR. 486): Jubb v. Maslanka,22 Conn. Sup. 373, 173 A.2d 604 (1961) and that a decedent's surviving spouse and heirs have a sufficient interest in a grave site to maintain an action for private nuisance, Avery v. Cong.Ch. of Green's Farms, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 308857, 11 CONN. L. RPTR. 354 (April 6, 1994, Fuller, J.): Avery v. Boy Scouts of America,
Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 135160, 12 CONN. L. RPTR 206 (July 28, 1994, Lewis, J.).
The plaintiffs claim that on or about August 7, 1994, the plaintiffs, Linda Flavin, Philip Flavin and Natalie Grund, rented a campsite, site B2, from the defendants. The court finds that this "rental agreement" gave the plaintiffs sufficient interest in the land to maintain a claim for private nuisance. Furthermore, the court finds no requirement that the plaintiffs must be "tenants" within the meaning of General Statutes §47a-1 to maintain a cause of action for private nuisance. CT Page 4806
Accordingly, the defendants' motion to strike counts three and four are denied.
STANLEY, J.