[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 23, 1997
In this complaint seeking recovery for negligence and private nuisance against the Hillside Village Condominium Association, Inc. (hereinafter "Hillside") and R.P.M. Management of New Haven, Inc. (hereinafter "RPM") (together the "defendants"), Ellen Murphy (hereinafter the "plaintiff") alleges the following. At all relevant times, the plaintiff was a tenant in possession of a unit located within the Hillside Village Condominium Association, in Hamden. As such, she used the common areas of the complex, including the sidewalk and parking area. According to the complaint, Hillside hired RPM to manage the affairs of the condominium association, including care and maintenance of the common areas. As the basis for her negligence counts (First and Third), the plaintiff alleges that on July 12, 1995, a dangerous and defective sidewalk and curb on the property owned by Hillside and cared for by RPM caused her to fall and suffer injuries. As the basis for her private nuisance counts (Second and Fourth), the plaintiff alleges that the dangerous and defective conditions, including discontinuous and uneven pavement, had a natural tendency to inflict injury on those who traveled upon the sidewalks.
Pursuant to Practice Book § 151, the defendants move to strike the Second and Fourth Counts of the plaintiff's Amended Complaint sounding in private nuisance. As grounds for said motion, the defendants claim that the plaintiff's nuisance counts are legally insufficient in that they fail to allege that she has "an ownership interest in land." The plaintiff filed a timely Memorandum of Law in Opposition to Motion to Strike. She argues that her right to pursue counts for private nuisance does not turn on whether she maintains an ownership interest in land, but rather on whether she was sufficiently vested of an interest in the land to satisfy the common law elements of private nuisance. Recognizing that appellate court decisions offer conflicting recitations of the law in this respect, the court holds that the plaintiff has alleged sufficient facts to proceed in her claims for private nuisance and denies the defendant's motion to strike. CT Page 7523
The purpose of the motion to strike is to test the legal sufficiency of the challenged pleading. R.K. Constructors, Inc. v.v. Fusco Corp., 231 Conn. 381, 384 (1994). "In ruling on a motion to strike, the [trial] court is limited to the facts alleged in the complaint;" Waters v. Autori, 236 Conn. 820, 825
(1996); and "the grounds specified in the motion." Meredith v.Police Commission, 182 Conn. 138, 140 (1980). The court must "construe the facts in the manner most favorable to the pleader."Rowe v. Godou, 209 Conn. 273, 278 (1988). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Waters v. Autori, 236 Conn. at 826.
Under the doctrine of stare decisis, our Appellate Court is bound to follow the decisions of the Supreme Court of the state.Lash v. Aetna Casualty Surety Company, 36 Conn. App. 623
(1995), affirmed, 236 Conn. 318 (1996); Martin v. Plainville,40 Conn. App. 179, 182 (1996). Similarly, the trial court is bound by Supreme Court precedent. Jolly, Inc. v. Zoning Board ofAppeals, 237 Conn. 184, 195 (1996). Before a court abandons the rule of a higher court, it must clearly "show that [the] established rule is incorrect and harmful . . . ." Ferrigno v.Cromwell Development Associates, 44 Conn. App. 439, 443 (1997). The doctrine of stare decisis requires this court to Webel v.Yale University, 125 Conn. 515, (1939) and to refrain from following the rule set out in an intermediate appellate decision purporting to follow it, Meizoso v. Bajoros, 12 Conn. App. 516
(1987).
Webel v. Yale University, literally construed, disposes of this motion. In Webel, the Supreme Court held that "[a] private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land." (Emphasis added.) Webel v. Yale University, supra,125 Conn. 525. Accordingly, unless the Supreme Court has overruled itself on this point, which it has not, a claim for private nuisance may be brought by one who enjoys ownership of an interest in land. In this case, the plaintiff is a tenant of the land where the injury complained of occurred, and she has a legally recognized interest in the land. She therefore may bring a claim for private nuisance.
This analysis is supported by a number of cases that have relied on the literal interpretation of the Webel rule. See e.g.,Schiavone v. Falango, 149 Conn. 293, 296, 179 A.2d 622 (1949) ("[s]ince no interest in land was involved, there could be no CT Page 7524 recovery on the ground of nuisance") (overruled, in part, on other grounds, Moonan v. Clark Wellpoint Corporation,159 Conn. 178, 191 (1970). Higgins v. Connecticut Light Power Co.,129 Conn. 606, 611 (1943) ("no recover could be had for a private nuisance for no interest in land was involved"); Broderick v.Waterbury, 130 Conn. 601, 605 (1944) (citing Higgins); Couture v.Board of Education, 6 Conn. App. 309, 314 (1986) (Webel quoted). No Supreme Court case has overruled Webel.
In Meizoso v. Bajoros, 12 Conn. App. 516 (1987), cited by the defendants in their motion, the plaintiff was neither an owner nor a tenant. He was a player who was injured during a softball game at a catered picnic on the defendant's property. In its decision the Appellate Court upheld the judgment on a directed verdict for the defendant on the nuisance counts and stated the rule in Webel to be that "in order to recover in a private nuisance action a plaintiff must have an ownership interest in the land." 12 Conn. App. at 518. As borne out by the defendants in this case, (See Memorandum in Support of Motion to Strike, p. 2), litigants may rely on this interpretation of the Webel
rule. Under the Meizoso interpretation, only owners of land can bring actions for private nuisance. That is not what the Webel
court held. An ownership interest is distinct from an ownershipin an interest in the land.[1]
The intended scope of the Webel rule can better be understood by considering its context. Distinguishing private nuisance from public nuisance, the Court wrote that "[a] private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land. `In the modern authorities [private nuisance] includes all injuries to anowner or occupier in the enjoyment of the property of which he isin possession, without regard to the quality of the tenure.' Pollock, Torts (13th ed.)422; Salmond, Torts (8th Ed.) 235; Harper, Torts, 179." Webel, supra at 525. [Emphasis added.]
Other authorities support a literal interpretation of theWebel rule. In the Restatement of Torts (Second) § 821E, the authors note
 [f]or private nuisance there is liability only to those who have property rights and privileges in respect to the use and enjoyment of the land affected, including (a) possessors of land, (b) owners of easements and profits in the land, and (c) owners of nonpossessory estates in the land that are detrimentally CT Page 7525 affected by interferences with its use and enjoyment.
pp. 102-103
In Comment (a) to this section the authors note that possessors of land encompass "not only owners of possessory estates in fee simple absolute, but also owners of any possessory estate."(p. 103)
The Appellate Court's apparent narrowing of the Webel rule inMeizoso v. Bajoros, 12 Conn. App. 516, 518 (1987), under facts distinct from those in this case, does not bind this court. This court is bound to follow the Supreme Court precedent of Webel v.Yale University, 125 Conn. 515, 525 (1939). Under Webel, this plaintiff, allegedly a tenant of the land, has a right to bring a cause of action in private nuisance.[2]
The Motion to Strike is denied.
DiPENTIMA, J.