[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE CT Page 6738
The issue in this case is whether defendant's Motion to Strike should be granted in that plaintiff has not alleged a viable cause of action in private or public nuisance.
This action arises out of an incident occurring on or before November 10, 1990,[1] wherein the plaintiff, James F. Doyle, alleged he was injured when he slipped and fell upon entering the defendant premises known as K-Mart Corporation. On March 4, 1992, plaintiff filed a two count complaint against the defendant which sounds in negligence (Count I) and nuisance (Count II). The plaintiff alleges that on or about November 10, 1992, he entered through the front entrance of the defendant premises as a business invitee of the defendant. Plaintiff alleges that on the date of his fall, the "interior entrance of defendant's premises was in such a dangerous and defective condition likely to cause harm to those persons entering thereupon so as to have a natural tendency to inflict injury and as such constituted a nuisance." See Complaint, Count II, paras. 3, 4, 5. Plaintiff further alleges that as a direct and proximate result of the nuisance created and/or maintained by the defendant, the plaintiff sustained serious injuries. See Complaint, Count II, para. 6.
On April 10, 1992, the defendant filed a motion to strike the second count of the complaint and attached thereto a supporting memorandum. No opposing memorandum has been filed.
A motion to strike tests the legal sufficiency of a pleading and "admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989). "In ruling on a motion to strike the court is limited to the facts alleged in the complaint"; Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988J; and must construe those facts in the manner most favorable to the pleader. Rowe v. Godou, 209 Conn. 273, 378, 559 A.2d 1073
(1988).
The plaintiff has not filed a memorandum of law in opposition to the motion to strike as required by Practice Book 155. See Pepe v. New Britain, 203 Conn. 281, 287-88, 524 A.2d 629, 632-33
(1987). However, the court may waive the failure to file a timely opposing memorandum. See Olshefski v. Stanner, 2 Conn. L. Rptr. 477
(September 27, 1990, Clark, J.).
In its memorandum in support of the motion to strike, the defendant argues that plaintiff's claim is truly a claim for CT Page 6739 negligence against the defendant and that the plaintiff cannot base his right to recovery upon a cause of action in nuisance. Specifically, defendant contends that the plaintiff, in the second count of his complaint, fails to allege that he was injured in relation to a right which he enjoyed by reason of his ownership interest in the property, which is necessary for a private nuisance, and further fails to allege that, at the time of his fall, his presence on the defendant's premises arose out of a public right, which is necessary for a public nuisance. Consequently, the defendant maintains that the second count of the complaint should be stricken.
In order to state a claim for nuisance, the plaintiff must allege the following four elements:
 (1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property;
(2) the danger created was a continuing one;
 (3) the use of the land was unreasonable or unlawful; [and]
 (4) the existence of the nuisance was the proximate cause of the [plaintiff's] injuries or damages.
Tomasso Bros., Inc. v. October Twenty-Four, Inc., 221 Conn. 194,197, ___ A.2d ___ (1992); State v. Tippetts-Abbett-McCarthy-Stratton,204 Conn. 177, 183, 527 A.2d 688 (1987).
There are two types of nuisance: public and private.
 "A private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land. `In the modern authorities [private nuisance] includes all injuries to an owner or occupier in the enjoyment of the property of which he is in possession, without regard to the quality of the tenure.' Pollock, Torts (13th Ed.) 442; Salmond, Torts (8th Ed.) 235; Harper, Torts, 179." Webel v. Yale University, 125 Conn. 515, 525, 7 A.2d 215 (1939). In contract, "`[n]uisances are public where they violate public rights, and produce a common injury.' and where they constitute an obstruction to public rights, `that is, the rights enjoyed by citizens as part of the public.' 39 Am. Jr. 286. . . . . `[I]f the annoyance is one that is common to the public generally, then it is a public nuisance. . . . The test is not the number of persons annoyed by the possibility of annoyance to the CT Page 6740 public by the invasion of its rights. A public nuisance is one that injures the citizens generally who may be so circumstanced as to come within its influence.' (Citations omitted)."
Couture v. Board of Education, 6 Conn. App. 309. 314, 505 A.2d 432
(1986).
I. PRIVATE NUISANCE
An allegation that the injury sustained by the complainant involves an ownership interest in land is essential to a claim for private nuisance. State v. Federated Department Stores, supra, 85. "It is `generally agreed that anyone who has no interest in the property affected such as a licensee, an employee or a lodger on the premises, cannot maintain an action based on private nuisance.' W. Prosser and Keeton, The Law of Torts (5th Ed.) Section 87; Conlon v. Farmington, 29 Conn. Sup. 230, 232, 280 A.2d 896
(Super. Ct. 1971)." White v. Adams, 7 CSCR 520 (May 4, 1992, Dranginis, J.).
In Stewart v. Federated Department Stores, Inc., 4 CTLR 82
(May 17, 1991, Lewis, J.), allegations by the plaintiff administrator that the decedent was killed by an assailant in a parking garage owned, controlled, operated and maintained by the defendant store was held insufficient to allege a claim for either a public or private nuisance against the defendant. The court stated that "[w]hile the complaint alleges that [the plaintiff] was a patron of the defendants, and that she was injured in the defendants' parking garage, these allegations cannot be construed as an injury to an ownership interest in land. In fact, plaintiff alleges that the defendants owned, controlled, operated and maintained the parking garage." Stewart v. Federated Department Store, Inc., supra. The Stewart court held that a patron who is injured inside a store cannot maintain a private nuisance claim against the owner because the patron has neither a property interest nor a privilege in the premises. Id.; see also Dahlstrom v. Roosevelt Mills, Inc., 27 Conn. Sup. 355, 356, 238 A.2d 431
(167).
It is clear that in the instant case the plaintiff alleges he was a business invitee of the defendant store. It is submitted that pursuant to Stewart, Dahlstrom and White, plaintiff has failed to allege that he suffered any injury in relation to a right which he enjoys by reason of his ownership interest in the premises where he fell. Consequently, the four elements pled by the plaintiff does not give rise to a private nuisance claim. Therefore, the allegations in Count II of the complaint fail to state a viable cause of action in private nuisance.
II. PUBLIC NUISANCE CT Page 6741
"To state a cause of action in public nuisance, the plaintiff must make an additional allegation, specifically `that the condition complained of interfered with a right common to the general public." (Emphasis added). White v. Adams, 7 CSCR 520
(April 8, 1992, Dranginis, J.), quoting Doe v. Manheimer, 212 Conn. 748, 755056, n. 4 563 A.2d 699 (1989); see also State v. Tippetts, supra, 183. Alternatively, to sufficiently allege a public nuisance claim, the court must find that the complaint alleges facts demonstrating that the conditions in the front entrance of the defendant store interfered with a right common to the general public. See Stewart v. Federated Department Stores, supra, 85; Higgins v. Connecticut Light and Power Co., 129 Conn. 606, 611,30 A.2d 388 (1943). The Stewart court stated that for the plaintiff to allege a sufficient claim for public nuisance against the defendant store, the "plaintiff would have to allege facts demonstrating that the conditions in the parking garage interfered with a right common to the general public." Stewart v. Federated Department Stores, Inc., supra.
The Connecticut Supreme Court has held that:
 When it comes to private property, one who enters premises at express or implied invitation of a tenant does not come upon them in the exercise of any public right, but is there by reason of right extended to him by the tenant; and, if injured, the visitor to the premises cannot base his right to recover upon the existence of a public nuisance.
In accordance with the foregoing, it is found that the Motion to Strike the second count of the complaint, sounding in private or public nuisance, should be granted and is granted.
WILLIAM J. McGRATH, JUDGE