[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Chromium Process Company (Chromium), has commenced this action against the defendant, Yankee Gas Services Company (Yankee). The plaintiff operates an electroplating facility in Shelton, Connecticut, where it electroplates small parts such as nails and screws. The plaintiff utilizes process water supplied to it by the Shelton Canal Company via the company's canal (Canal).
Yankee is in the business of selling gas and operates its business in close proximity to the Canal from which the plaintiff CT Page 6305 receives its water supply.
On January 31, 1992 the plaintiff commenced this action for damages sustained to its metal products allegedly as a result of the defendant's negligence in storing rubbish and other waste products on its property causing contamination to the process water used by the plaintiff in its business. The plaintiff's amended complaint is in six counts. The first count sounds in negligence, count two alleges statutory violations, count three sounds in recklessness, count four asserts a claim for costs and expenses, and the fifth count sounds in nuisance.
On July 20, 1994, the defendant, Yankee, filed a motion for partial summary judgment claiming that there is no genuine issue for trial as it relates to counts one through five respectively.
On October 18, 1994, the plaintiff filed an objection to the defendant's motion for summary judgment.
Both parties have filed several supporting memoranda of law and documentation in support thereof.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Water Way Propertiesv. Colt's Mfg. Co., 230 Conn. 660, 664, 646 A.2d 143 (1994).
"A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Hammer v. Lumberman's MutualCasualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990).
"[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Scinto v. Stamm, 224 Conn. 524, 530, 620 A.2d 99 (1993).
"It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]. (Internal quotation marks omitted.)" Water Way Properties v. Colt's Mfg.CT Page 6306Co., 230 Conn. 660, 665, 646 A.2d 143 (1994), quoting Burns v.Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984). "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v.Rashaw, 193 Conn. 442, 445, 476 A.2d 582 (1984), quoting Doughertyv. Graham, 161 Conn. 248, 250, 287 A.2d 382 (1971).
"When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by [Practice Book] § 380, must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant." Bartha v. WaterburyHouse Wrecking Co., 190 Conn. 8, 11-12, 459 A.2d 115 (1983).
"[S]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." (Internal quotation marks omitted.) Brookfield v. Candlewood ShoresEstates, Inc., 201 Conn. 1, 9, 513 A.2d 1218 (1986).
Count I (Negligence)
The defendant, Yankee, has moved for summary judgment on count one of the plaintiff's amended complaint on the ground that the plaintiff cannot prove causation. Essentially, the defendant argues that the Canal receives its water from the Housatonic River which it claims has been classified by the Department of Environmental Protection (DEP) as not meeting the departmental water quality standards established by the DEP. The defendant argues that the Canal has a history of contamination which dates back as early as 1972. Therefore, the defendant contends that the plaintiff cannot establish that the defendant's conduct was a substantial factor in producing the plaintiff's injury or that the defendant's conduct was a proximate cause of the plaintiff's damages. The defendant further argues that none of the plaintiff's experts can conclude that Yankee's conduct was a factor in causing the plaintiff's damages.
In opposition to the defendant's motion, the plaintiff posits in its memorandum of law that summary judgment should not be granted on the first count of the amended complaint because there is a genuine issue as to the cause of the water contamination. The CT Page 6307 plaintiff avers that although the Canal has a history of contamination, such preexisting contamination was not the cause of the plaintiff's damages. The plaintiff further argues that even if the water was already contaminated it was the defendant's specific contaminate release that caused harm to the plaintiff's products.
The plaintiff has submitted an affidavit from Dan Martin, General Manager of Chromium, stating that he observed a pile of cold patch asphalt on land owned by Yankee. He further states that he observed rain water runoff, containing debris from the cold patch, being washed from the pile of asphalt into a catch basin that discharged such material directly into the Canal. In addition, the plaintiff has submitted a sworn affidavit from Donald Szarmach, Operations Manager of the Shelton Canal Company, who investigated all possible sources for the oily/greasy substance that was introduced into the Canal and allegedly caused damage to Chromium's products. After testing the filter bags and investigating the whole length of the 2000 foot canal upstream of Chromium as well as the cold patch asphalt located on the property of Yankee Gas, Mr. Szarmach concluded that the Yankee Gas cold patch was the source of the Chromium contamination.
In support of its argument, Yankee has submitted numerous documents which purport to show that the Canal had several sources of pollution. Yankee has argued that the Canal has a history of pollution stemming from the Housatonic River which feeds it. Yankee has further argued that the Canal has a water classification rating of D/B.[1] However, Chromium has countered such assertion by submitting further documentation which indicates that the Canal receives its water from a reach of the Housatonic which is classified C/B.[2]
The court finds that the plaintiff has created a question of fact as to the source and nature of the Canal's contamination as the same relates to the product damage alleged. Therefore, the defendant's motion for summary judgment on the first count of the amended complaint is denied.
Count II (Negligence Per Se)
The defendant argues that summary judgment should be granted on the second count of the amended complaint based on a negligence per se theory. Specifically, Yankee argues that Chromium has not met the requirements needed to maintain a cause of action for negligence per se, therefore summary judgment should be granted. CT Page 6308 Yankee further posits that the statutory sections 22a-422, 22a-427,22a-430 and 22a-450 as well as the various federal statutes cited in Chromium's amended complaint, do not create a right of action for private individuals. As such, the defendant contends that the plaintiff cannot assert a claim for damages under these sections.
In opposition, the plaintiff argues that the two elements necessary to sustain a cause of action for a statutory violation have been met. Hence, Chromium argues that it can maintain a cause of action based on a violation of the aforesaid sections.
Under Connecticut practice, it is well established that in order for a plaintiff to maintain a cause of action for negligence per se, he must satisfy a two part test.
 "The doctrine of negligence per se serves to superimpose a legislatively prescribed standard of care on the general standard of care. Where a statute is designed to protect persons against injury, one who has, as a result of its violation, suffered such an injury as the statute was intended to guard against has a good ground of recovery. That principle of the law sets forth two conditions which must coexist before statutory negligence can be actionable. First, the plaintiff must be within the class of persons protected by the statute. Second, the injury must be of the type which the statute was intended to prevent."(Citations omitted, internal quotation marks omitted.)
Gore v. People's Savings Bank, 35 Conn. App. 126, 130-131 (1994).
General Statutes § 22a-427 provides that "[n]o person or municipality shall cause pollution of any of the waters of the state or maintain a discharge of any treated or untreated wastes in violation of any provisions of this chapter." As used in this statute, the words "this chapter" refers to the Water Pollution Control Act ("WPCA"), General Statutes 22a-416 through 22a-484. InMichael v. Kenyon Oil Company, Inc, 4 CSCR 337 (March 22, 1989, O'Connor, J.), the court addressed the question of whether § 22a-427
and § 22a-451 create a private right of action. After examining the legislative history, the court concluded that "there is nothing . . . which exhibits any legislative intent to benefit CT Page 6309 anyone other than the commissioner of environmental protection in the assessment of the penalties provided for [by the WPCA]." Id., 338.
The Court is of the opinion that neither General Statutes §22a-416 et seq. nor the federal statutes cited by Chromium create a private right of action. Therefore, the defendant's motion for summary judgment on the second count of the amended complaint is granted.
Count III (Recklessness)
The third count of the plaintiff's amended complaint alleges recklessness. The plaintiff contends that Yankee's conduct was reckless in that it knew or should have known that by allowing the rubbish to lie in close proximity to the catch basin, it would result in a release of contaminants to the waters of the Canal. Chromium further alleges that Yankee failed to take steps to prevent said contamination from occurring in reckless disregard of state laws.
In opposition to Yankee's assertions, Chromium argues that Yankee's actions in maintaining an illegal condition likely to cause pollution clearly constitutes reckless disregard of environmental laws.
"The Connecticut Supreme Court has consistently held that where a complaint alleges recklessness it must use explicit language that informs both the court and the defendant what conduct is relied upon." Fisher v. Irby, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 309622 (February 1, 1994, Ballen, J.), citing Dumond v. Denehy, 145 Conn. 88, 91, 139 A.2d 58
(1958).
 Recklessness is a state of consciousness with reference to the consequences of one's acts. It is more than negligence, more than gross negligence. The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. (Citations omitted, internal quotation marks omitted.)
Dubay v. Irish, 207 Conn. 518, 532, 542 A.2d 711 (1988). CT Page 6310
"Reiterating the factual allegations of a cause of action for negligence and renaming the claim recklessness does not transform it into a recklessness claim. Recklessness is conduct that indicates a reckless disregard of the just rights or safety of others or the consequences of one's actions." Meiliken v. Romano,
Superior Court judicial district of Stamford/Norwalk at Stamford, Docket No. 0131303 (April 28, 1994, Lewis, J.).
"Recklessness requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man, and the actor must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent." (Citations omitted, internal quotation marks omitted.) Bishop v. Kelly, 206 Conn. 608,614, 539 A.2d 108 (1988).
In Dumond v. Denehy, supra, 145 Conn. at 91, the Connecticut Supreme Court stated:
 We reiterate, and in so doing add emphasis to, what we said in Brock v. Waldron, 127 Conn. 79, 80, 81, 14 A.2d 713: [T]he complaint does not state with desirable accuracy a cause of action based on wanton misconduct. There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on. The complaint in the instant case fell far short of alleging a cause of action for reckless or wanton misconduct. Simply using the word reckless or recklessness is not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made. (Internal quotation marks omitted.)
In Comparone v. Cooper, 7 Conn. L. Rptr. 262 (Sep. 21, 1992, Lewis, J.), the plaintiff's complaint contained one count alleging negligence and one alleging recklessness, but used the same facts for both counts. The court granted the defendant's motion to strike the recklessness count because the statute was not adequately invoked. The court found that the reckless count "lack[ed] the required specificity that the defendant's conduct was deliberate or in reckless disregard . . ." Id. CT Page 6311
This view was adopted in Anderson v. Ansaldi,8 Conn. L. Rptr. 242
(January 22, 1993, Berger, J.); Anderson involved a lawsuit arising out of a car accident, where the plaintiff relied on the same allegations for the negligence claim and the recklessness claim. Id. The court found that "[w]here one count of a complaint sounds in negligence and another count attempts to state a cause of action for recklessness by relying on the same fact pattern as the negligence count and simply referring to such conduct as reckless, a cause of action for recklessness has not been sufficiently alleged." Id.
In the present case, Chromium has alleged in the third count of the amended complaint that the damage to its products was a result of Yankee's reckless conduct. However, Chromium has not set forth any specific acts or omissions by Yankee that would support the allegations of reckless conduct.
Construing the complaint in the manner most favorable to the pleader; Amodio v. Cunningham, 182 Conn. 80, 82, 438 A.2d 6 (1980); but excising all legal conclusions and unsupported opinions; AlarmApplications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541,545, 427 A.2d 822 (1980); there is no factual basis to support a cause of action for recklessness in the second count. "[T]he reiteration of facts previously asserted to support a cause of action in negligence, without more, cannot be transformed into a claim of reckless misconduct by mere nomenclature." Comparone v.Cooper, supra at 263.
Accordingly, the defendant's motion for summary judgment on the third count is granted.
Count IV (§ 22a-452)
In the fourth count of its amended complaint, Chromium seeks recovery for monies expended to remove and or mitigate the effects of the discharge produced as a result of the Yankee's alleged negligence in storing the rubbish on its property. The plaintiff seeks such recovery pursuant to General Statutes § 22a-452(a) which provides that
 "[a]ny person, firm, corporation or municipality which contains or removes or otherwise mitigates the effects of oil or petroleum or chemical liquids or solid, liquid CT Page 6312 or gaseous products or hazardous wastes resulting from any discharge, spillage, uncontrolled loss, seepage or filtration of such substance or material or waste shall be entitled to reimbursement from any person, firm or corporation for the reasonable costs expended for such containment, removal, or mitigation, if such oil or petroleum or chemical liquids or solid, liquid or gaseous products or hazardous wastes pollution or contamination or other emergency resulted from the negligence or other actions of such person, firm or corporation."
Yankee argues that summary judgment should be granted on this count because Chromium is unable to prove that Yankee's conduct was the cause of the plaintiff's damages.
Chromium has submitted statements from its experts to the effect that the alleged contamination was or could have been caused by the negligent acts of Yankee. (See text on count I supra) Viewing the facts in the light most favorable to the non moving party, Chromium has created a question of fact with respect to the source of the Canal's contamination. Such facts proven at trial could support a claim for damages under General Statutes § 22a-452. Accordingly, the defendant's motion for summary judgment on the fourth count is denied.
Count V (Nuisance)
The fifth count of the amended complaint asserts a cause of action for nuisance. Yankee has moved for summary judgment on the ground that the standard for maintaining a cause of action for nuisance has not been met. Specifically, Yankee postulates that it has not made an unreasonable use of its land. Yankee further maintains that Chromium does not possess an ownership interest in the Canal owned by the Shelton Canal Company; therefore, Yankee argues that the ownership element, essential to sustaining a nuisance cause of action, is lacking. The plaintiff argues that it does possess an interest in the Canal and can therefore assert a cause of action for nuisance.
"A nuisance . . . describes an inherently dangerous condition that has a natural tendency to inflict injury upon persons or property. The term nuisance refers to the condition that exists CT Page 6313 and not to the act or failure to act that creates it." (Citations omitted.) Quinnett v. Newman, 213 Conn. 343, 348, 568 A.2d 786
(1990). It is well settled in Connecticut that in order to establish a claim for nuisance, the plaintiff must allege and prove the following four elements: "(1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was the proximate cause of the [plaintiff's] injuries and damages." (Citations omitted, internal quotation marks omitted.) Tomasso Bros., Inc. v. October Twenty-Four,Inc., 221 Conn. 194, 197, 602 A.2d 1011 (1992). "An allegation that the injury sustained by the complainant involves an ownership interest in land is essential to a claim for private nuisance." Doyle v. K-Mart Corporation, 7 CSCR 1065 (July 16, 1992, McGrath, J.).
"A private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land. [This] includes all injuries to an owner or occupier in the enjoyment of the property of which he is in possession, without regard to the quality of the tenure." Webel v.Yale Univ., 125 Conn. 515, 525 (1939) (internal quotations and citations omitted); Couture v. Bd. of Ed., 6 Conn. App. 309 (1986). "It is generally agreed that anyone who has no interest in the property affected . . . cannot maintain an action based on private nuisance." Tackling v. Gorman, Superior Court judicial district of New London at New London (March 1, 1994, Hurley, J.).
"Whether the elements necessary to establish a nuisance claim have been proven is usually a question of fact, unless it is clear that it does not constitute a nuisance as a matter of law." (Citations omitted). Avery v. Cong. Ch. of Green's Farms, Superior Court judicial district of Fairfield at Bridgeport (April 6, 1994, Fuller, J.). Questions of fact cannot be determined on a summary judgment motion. With respect to the issue of whether Yankee's use of its property was reasonable, "[t]he issue of reasonableness is a question of fact to be determined on a case by case basis, considering all the relevant circumstances, including such factors as the amount of harm caused, its foreseeability . . . and . . . whether the utility of the use of the land outweighed the gravity of the harm resulting." Peterson v. Oxford, 189 Conn. 740, 745
(1983).
Chromium claims that its interest in the Canal stems from the CT Page 6314 right given to it by the Shelton Canal Company to use the Canal's process water. Yankee contests the assertion that Chromium possessed an ownership interest in the Canal and also the assertion that Yankee made an unreasonable use of its land. On the other hand, Chromium has submitted documentation which purportedly demonstrates that it was entitled to the use and enjoyment of the Canal in its business enterprise. The issues of ownership interests and/or reasonable use of property are issues of fact to be resolved at trial. Accordingly, the defendant's motion for summary judgment on the fifth count is denied.
COMERFORD, J.