[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On May 3, 1996, the plaintiff, Fire Systems, Inc. (Fire Systems), filed a two-count revised complaint against the defendants Semac Electrical Contractors (Semac) and Suffolk Construction Company (Suffolk). In count one, directed against Semac, Fire Systems alleges that its employee, Raymond Estell, was working on a job site for Fire Systems and was in charge of computer security installation. Semac, a subcontractor responsible for doing electrical work, was also working at the job site CT Page 7943 with Estell. On February 14, 1994, at this work site, Estell tripped and fell over an electrical wire in front of a doorway of a room he was entering, sustaining injuries to his elbow. Fire Systems alleges that Estell's fall and subsequent injuries were proximately caused by Semac's negligence, acting through its agent(s) and/or employee(s). The complaint claims that Semac failed to recognize the dangers of leaving electrical wiring in front of doorways, failed to inspect and remedy such dangerous conditions, and failed to ensure that proper safety precautions were taken.
In count two, directed at Suffolk, Fire Systems claims that Suffolk, the general contractor who hired both Fire Systems and Semac, proximately caused Estell's injuries. The complaint alleges that Suffolk was negligent in failing to maintain proper control over the work site, failing to ensure that subcontractors followed certain safety precautions, and failing to "keep a proper and reasonable lookout for potential safety hazards." (Complaint, count two, ¶ 7(c))
Fire Systems seeks from both Semac and Suffolk the amount of workers' compensation benefits paid by it, or on its behalf, to Estell for his work-related injuries, and an amount equal to the present worth of any probable future payments to be made to Estell pursuant to General Statutes § 31-293.[1]
On May 28, 1996, Semac filed its answer and a special defense to Fire Systems' revised complaint. On June 6, 1996, Fire Systems filed a reply to Semac's special defense, denying every allegation contained therein. Fire Systems also filed a request to revise the special defense on the grounds that Semac improperly combined allegations of Fire Systems' negligence and employee Estell's negligence into one special defense.
On July 29, 1996, Semac filed a request to amend its special defense. The amended first special defense asserts that the damages sustained by Fire Systems were caused by Fire Systems' negligence, acting through its employee(s) or agent(s). The second special defense states that the damages sustained by Systems were caused by Estell's negligence, which is imputed to Fire Systems. The third special defense claims that any damages awarded to Fire Systems should be diminished proportionately, due to Estell's negligence, in accordance with General Statutes § 52-572h.
On August 13, 1996, Fire Systems filed a motion to strike the defendant's amended first special defense on the basis that an employer's negligence is not a valid defense to an action brought a plaintiff-employer pursuant to General Statutes § 31-293.
Fire Systems' motion to strike was accompanied by an appropriate CT Page 7944 memorandum of law in accordance with the requirements of Practice Book § 155. The defendant has not filed a memorandum in opposition, and thus has not satisfied the terms of Practice Book § 155.
The legal sufficiency of a special defense is properly attacked by a motion to strike. Nowak v. Nowak, 175 Conn. 112,116, 394 A.2d 716 (1978). "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate nonetheless, that the plaintiff has no cause of action. Grant v. Bassman, 221 Conn. 465, 472-73,604 A.2d 814 (1992). See Practice Book § 164. A motion to strike admits all facts well pleaded, but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. All facts alleged in the pleading are construed in the light most favorable to the nonmovant. Novametrix Medical Systems Inc. v.BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
This motion may be resolved on procedural grounds alone, without looking to the merits of Fire Systems' motion to strike. The defendant has failed to comply with the requirements of Practice Book § 155 by not timely filing a memorandum in opposition to Fire Systems' motion to strike. "If an adverse party objects to this motion he shall, at least five days before the date the motion is to be considered on the short calendar, file and serve in accordance with Sec. 120 a memorandum of law." (Emphasis added.) Practice Book § 155. The failure to so file "may still serve as a ground for granting a motion to strike." Olshefski v. Stenner,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 3518995 (September 27, 1990, Clark, J.,2 Conn. L. Rptr. 477). Nevertheless, the court in its discretion may overlook this procedural defect and inquire as to the merits of the plaintiff's motion. Integlia v. Jackson, Superior Court, judicial district of New Haven at New Haven, Docket No. 345342 (August 19, 1993, Zoarski, J.); Doyle v. K-Mart Corp., Superior Court, judicial district of Ansonia-Milford at Milford (July 16, 1992, McGrath, J., 7 CSCR 1065) (stating, "the court may waive the failure to file a timely opposing memorandum").
In the present case, Semac's first special defense asserts that Fire Systems' own negligence, or that of its employees or agents, caused the damages sustained by Fire Systems by: (a) creating the dangerous or defective condition alleged to have caused employee Estell's injuries; (b) failing to give any reasonable warning to Estell of this alleged dangerous or defective condition; and (c) failing to correct or remove this alleged CT Page 7945 dangerous or defective condition. The defendant has raised no other grounds in support of its special defense or in opposition to Fire Systems' motion to strike.
In its motion to strike, Fire Systems, citing to Durniak v.August Winter Sons, Inc., 222 Conn. 775, 780, 610 A.2d 1277
(1992), argues that comparative negligence is not a valid special defense to an employer's claim for reimbursement pursuant to General Statutes § 31-293. The court in Durniak held that "[section 31-293] does not make the employer's negligence a ground for limiting the employer's recovery." The court observed in a footnote, however, that "[a] different result might follow if the special defense alleged not merely the negligence of the employer but included some other basis for liability such as the existence of an independent relationship between the defendant and employer."Durniak v. August Winter Sons, Inc., supra, 222 Conn. 782 n. 5. This "independent relationship" exception has been the crucial issue in ruling on motions to strike special defenses of a plaintiff-employer's comparative negligence. See, e.g., Caron v.Connecticut Light Power Co., Superior Court, judicial district of Danbury at Danbury, Docket No. 320834 (May 10, 1996, Moraghan, J.).
In Caron v. Connecticut Light Power Co., supra, Caron brought an action for loss of consortium and negligence for the death of her husband. She named as defendants the City of Danbury ("the City"), her husband's employer Connecticut Light and Power ("CLP"), which owned and maintained the overhead power lines that electrocuted her husband when his equipment struck the lines; and Haested, "the engineering firm that designed the ten year water distribution system improvement program that [her husband] was working on at the time of his death." Id. The City intervened as a co-plaintiff pursuant to General Statutes § 31-293 by filing a two-count complaint against Haested and CLP, alleging that their negligence proximately caused its employee's death. Haested and CLP each asserted the special defense of the City's comparative negligence. The City moved to strike the special defenses of both Haested and CLP.
The Caron court denied the City's motion to strike as to Haested because Haested sufficiently stated the "existence of an independent relationship with the City; namely that Haested was hired by the City to design the water distribution program." Id. The court granted the City's motion to strike, however, as to CLP's special defense because CLP failed to plead the necessary facts to demonstrate the existence of an independent relationship CT Page 7946 with the City. See also Boland v. Connecticut Resources RecoverAuth., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 296290 (May 11, 1995, Hauser, J.) (denying a motion to strike the special defense of the employer's sufficiently alleged by defendant SNET based on the defendant's installation of a pay phone at the request of the intervening plaintiff, creating in said plaintiff the duty to inspect, maintain, and repair the premises); Currie v. Perkin Elmer Corp., Superior Court, judicial district of Stamford at Stamford, Docket No. 134043 (September 1, 1994, Mottolese, J.) (granting a motion to strike despite the existence of a contract because a corresponding duty was not sufficiently alleged).
Similar to the defense filed by CLP in Caron v. ConnecticutLight Power Co., supra, Semac's amended first special defense fails to assert any facts that would indicate the existence of an independent relationship between Fire Systems and Semac. Therefore, Semac's amended first special defense does not fall within the limitedDurniak exception described above. Accordingly, Fire Systems' motion to strike Semac's first special defense is granted on the ground that it is not a valid special defense to the present action.
Howard F. Zoarski Judge Trial Referee